IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN REID-DOUGLAS,           :
                 Plaintiff,           :           1:16-cv-0441
                                                :
     v.           :           Hon. John E. Jones III
                                                  :
VITO GEROULO, *et al.*,           :
                 Defendants.           :

## MEMORANDUM

### June 29, 2016

Steven Reid-Douglas ("Plaintiff"), at all relevant times, an inmate incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), Waynesburg, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, naming as defendants Lackawanna Court of Common Pleas Judges Vito P. Geroulo ("Judge Geroulo") and Michael Barrasse ("Judge Barrasse"), probation officer Amy Corrigan, SCI-Greene records supervisor Becky Filitsky, SCI-Greene records staff member Debrah Loveday, and attorneys Paul J. Walker and Matthew T. Comerford.  (Doc. 1).  Plaintiff seeks to proceed *in forma pauperis*.  (Docs. 2, 6).

A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted."  28 U.S.C. §1915(e)(2)(B)(ii).  For the reasons set forth below, the Court

concludes that the complaint is subject to dismissal pursuant to 28 U.S.C.

§1915(e)(2)(B)(ii).

## I.   <u>Standards of Review</u>

The legal standard for dismissing a complaint for failure to state a claim

pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling

on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.

1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a

claim under § 1915(e)(2)(B)).

A well-pleaded complaint must contain more than mere labels and

conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007).  In reviewing the legal sufficiency of a complaint,

the Court must accept the truth of the factual allegations.  *Morrison v. Madison*

*Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006).  Notably,

the assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare

recitals of the elements of a cause of action supported by mere conclusory

statements." *Iqbal*, 556 U.S. at 678.  The controlling question is whether the

complaint "alleges enough facts to state a claim to relief that is plausible on its

face." *Twombly*, 550 U.S. at 555 (rejecting the "no set of facts" language from

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and requiring plaintiffs to allege facts

sufficient to "raise a right to relief above the speculative level"); *see also Iqbal*,

556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-

defendant unlawfully-harmed-me accusation"); *see also* FED. R. CIV. P. 8(a)

(stating that the complaint should include "a short and plain statement of the claim

showing that the pleader is entitled to relief").

Although the court is generally limited in its review to the facts contained in

the complaint, it "may also consider matters of public record, orders, exhibits

attached to the complaint and items appearing in the record of the case." *Oshiver*

*v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); *see*

*also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## II.   <u>Allegations of the Complaint</u>

On December 8, 2010, when Plaintiff was sentenced by Judge Geroulo on a

"Hindering, Apprehension, Prosecution" charge in Court of Common Pleas of

Lackawanna County matter CP-35-CR-3124-2008, he was serving a twenty-two to

forty-four year sentence for Attempted Murder imposed on September 2, 2009 by

Judge Barrasse in Court of Common Pleas of Lackawanna County criminal case

CP-35-CR- 2663-2008,.  (Doc. 1, ¶¶ 32, 36, 38).  *See also*, electronic docket sheets

found at https://ujsportal.pacourts.us/DocketSheets/CP.aspx.  On July 8, 2014, the

Pennsylvania Supreme Court vacated the Attempted Murder conviction and remanded the matter for further proceedings.  (Doc. 1, ¶ 12).

On or about November 30, 2015, pursuant to a plea agreement, Plaintiff entered a guilty plea to Criminal Attempt Murder in the First Degree and Judge Barrasse imposed a sentence of "31/2 to 7 years followed by 7 years of probation and immediate release."  (*Id.* at 17, p. 22).   However, upon returning to the county jail where he was housed for purposes of attending the criminal proceedings, he was advised that he would not be immediately released because "he owes another year upstate until December 8, 2016," on the sentence imposed by Judge Geroulo.  (*Id.* at 24).

He alleges that the sentence imposed by Judge Geroulo is unconstitutional and, as a result, he is being illegally detained.  He cites to 42 PA.CONS.STAT. § 9760 (1) in arguing that "[c]redit against the maximum term and any minimum term <u>shall</u> be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another based on the same act or acts."  (*Id.* at 83) (emphasis in original).  It is his contention that the "Hindering, Apprehension or Prosecution" charges that resulted in the second sentence, "dealt with plaintiff tampering with evidence and/or witnesses from his initial charge of Attempted murder," and, because these charges

4

arose out of the same conduct as his first sentence, Judge Geroulo erred in failing to "give the plaintiff the credit he's entitled to pursuant to 42 Pa. Const. Statute section 9760(1)(2)(3)(4)."  (*Id.* at 79).

He seeks injunctive relief in the form of sentence credit, monetary compensation, punitive damages and immediate release.

## III.  <u>Discussion</u>

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  <u>See</u> 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002*); Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's claims are not cognizable under § 1983.  Where judgment in favor of a plaintiff in a § 1983 action for damages or equitable relief would necessarily imply the invalidity of the plaintiff's conviction or sentence, the plaintiff must first demonstrate "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254."  *Heck v. Humphrey*, 512 U.S. 477, at 486–87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Plaintiff fails to demonstrate that his conviction or sentence has been invalidated.  Indeed, the complaint and accompanying exhibits indicate that the original sentence imposed by Judge Geroulo remains undisturbed.  Accordingly, Plaintiff's §1983 claims against Defendants are not cognizable, and this action will be dismissed for failure to state a claim upon which relief can be granted.

Further, to the extent that Plaintiff seeks immediate release, a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  He must seek either appropriate state relief or resort to federal habeas corpus relief upon exhaustion of state court remedies.

**IV.**   **Leave to Amend**

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile.   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002).   In this case, it is clear from the facts alleged and the exhibits attached to the complaint that allowing Plaintiff leave to amend prior to invalidation of the challenged sentence would be futile.

**V.**   **Conclusion**

Based on the foregoing, Plaintiff's complaint will be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will issue.